

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

JUN - 2 2016

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| Tuan A. Pham<br>    Plaintiff<br><br>v.<br><br>Equifax Information Services, LLC<br>TransUnion, LLC<br>Experian Information Solutions, Inc.<br>Syndicated Office Systems, d/b/a Central Financial Control<br>    Defendants | 3:16-CV-_00327_<br><br>**JURY DEMANDED** |

## COMPLAINT

Mr. Pham, by counsel, files this complaint against the above referenced Defendants for their violation of the Fair Credit Reporting Act and The Fair Debt Collection Practices Act.

## PRELIMINARY STATEMENT

1.  This is an action by a consumer seeking actual damages, statutory damages, and punitive damages, attorney fees and costs and for declaratory relief for defendants violation of The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq*, and actual, statutory damages, attorney fees and costs and for declaratory relief for defendants violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 *et seq.*

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## JURISDICTION, VENUE and JURY DEMAND

2.  This court has Federal Question jurisdiction, 28 U.S.C. §1331, pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p and pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k.

3.  This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Eastern District of Virginia.  28 U.S.C. §1391(b) and (c).

4.  The court has personal jurisdiction over the defendants because they regularly transact business here, such that they should expect to be hailed into court here.

5.  TRIAL BY JURY IS DEMANDED. Fed.R.Civ.P. 38

## PARTIES

6.  Plaintiff is a natural person and a resident of the Commonwealth of Virginia

7.  Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

8.  Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

9.  Upon information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

by 15 U.S.C. §1681a(p). Upon information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

11. Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

12.   TransUnion, LLC (hereinafter "TransUnion") is an Illinois Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

13.   Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a.   Public record information;

   b.   Credit account information from persons who furnish that information regularly and in the ordinary course of business.

14.   Syndicated Office Systems, Inc, (hereinafter "SOS") is a foreign corporation that is registered to do business in Virginia with the State Corporation Commission.

15.   On information and belief, SOS collects debts due, or alleged to be due, another using the mails and telephone wires after default or alleged default. SOS is a debt collector as that term is defined in the Fair Debt Collection Practices Act.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

16.    On information and belief, SOS also does business as Central Financial Control (Hereinafter "CFC").   CFC also collects debts due, or alleged to be due, another using the mails and telephone wires after default or alleged default.   CFC is a debt collector as that term is defined in the Fair Debt Collection Practices Act.

17.    Upon information and belief, SOS aka CFC is a furnisher of information to Equifax, TranUnion and Experian.

## FACTS

18.    Plaintiff was investigating his credit report in an effort to begin purchasing a house in late 2015, and discovered that SOS/CFC were appearing on his credit reports.

19.    Plaintiff contacted CFC, and discovered that they were the same entity as SOS, and that the debt in question was a medical bill from a hospital in South Carolina or Georgia.

20.    Plaintiff has not incurred a debt with a hospital in South Carolina or Georgia.

21.    Plaintiff did not incur this debt being collected by SOS/CFC.

22.    In January 2016 and February 2016, plaintiff communicated a dispute to Equifax, TransUnion and Experian, explaining that the debt was not his.

23.    On information and belief, Equifax either sent a dispute communicating to defendant SOS/CFC, providing all relevant information or failed to do so.

24.    On information and belief, Experian either sent a dispute communicating to defendant SOS/CFC, providing all relevant information or failed to do so.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

25.    On information and belief, TransUnion either sent a dispute communicating to defendant SOS/CFC, providing all relevant information or failed to do so.

26.    On information and belief, SOS verified to each of Equifax, TransUnion and Experian that the plaintiff had personal liability for the debt, and verified the date of delinquency and that the debt was charged off.

27.    On information and belief, SOS failed to conduct a reasonable investigation, and had they done a reasonable investigation, they would have discovered that either the name did not match or the social security number did not match.

28.    SOS falsely represented that the debt was due from plaintiff in an attempt to collect the debt.

29.    On information and belief, Equifax failed to have a procedure in place to assure maximum possible accuracy.

30.    On information and belief, Experian failed to have a procedure in place to assure maximum possible accuracy.

31.    On information and belief, TransUnion failed to have a procedure in place to assure maximum possible accuracy.

32.    On information and belief Equifax, TransUnion and Experian failed to conduct a reasonable reinvestigation of the facts and circumstances of the account, but entirely relied upon the representations of the furnisher, SOS/CFC.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

33.   On information and belief, Equifax, TransUnion and Experian parroted the information provided by the furnisher, SOS/CFC, after having been advised by numerous courts and courts of appeal that parroting was not permissible.

34.   As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including *but not limited to* mental and emotional distress, and being denied credit, being chilled from applying for credit.

## COUNT ONE:
### CLAIM FOR RELIEF
(Defendants Equifax, TransUnion and Experian ONLY)
15 U.S.C. §1681e[B]

35.   Plaintiff restates and re-alleges all previous paragraphs herein.

36.   Defendants have violated 15 U.S.C. §1681e[B] in that they failed to maintain a procedure designed to assure maximum possible accuracy.

37.   Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

38.   Defendants have done so either negligently or willfully.

39.   Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

40.   Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n

## COUNT TWO:
### CLAIM FOR RELIEF
(Defendants Equifax, TransUnion and Experian ONLY)
15 U.S.C. §1681i[a]

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

41.    Plaintiff restates and re-alleges all previous paragraphs herein.

42.    Defendants have violated 15 U.S.C. §1681i[a][1] in that they failed to conduct their own investigation into the account in question.

43.    Defendants have violated 15 U.S.C. §1681i[a][2] in that they failed to forward all relevant information to the furnisher of information.

44.    Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to consider all relevant information provided by the consumer.

45.    Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to delete information that was inaccurate or could not be verified.

46.    Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

47.    Defendants have done so either negligently or willfully.

48.    Plaintiff is entitled to actual damages,, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

49.    Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.


### COUNT THREE:
### CLAIM FOR RELIEF
### (Defendant Syndicated Office Systems, Inc ONLY)
### 15 U.S.C. §1681s-2[b]

50.    Plaintiff restates and re-alleges all previous paragraphs herein.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

51. Defendant have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of information forwarded to them by a Consumer Reporting Agency.

52. Defendant have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies.

53. Defendant have violated 15 U.S.C. §1681s-2[b][1][C] in that they failed to report the results of their investigation to the consumer reporting agencies.

54. Defendant have violated 15 U.S.C. §1681s-2[b][1][D] in that they failed to report to all national consumer reporting agencies that the information was inaccurate or unverifiable.

55. Defendant have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to have a procedure to [i] modify the information in their system, [ii] delete the in accurate or unverifiable information, or [iii] block the re-reporting of inaccurate or unverifiable information.

56. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

57. Defendants have done so either negligently or willfully.

58. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

59. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## COUNT FOUR:
## CLAIM FOR RELIEF
### (Defendants Syndicated Office Systems, Inc ONLY)
### 15 U.S.C. §1692

60.   Plaintiff restates and re-alleges all previous paragraphs herein.

61.   Defendant have violated 15 U.S.C. §1692e in that they

    a.   failed to conduct a reasonable reinvestigation of information forwarded to them by a Consumer Reporting Agency.

    b.

62.   Defendant have violated 15 U.S.C. §1692f in that they

    a.   failed to consider all relevant information forwarded to them by the consumer reporting agencies.

63.   Defendant have violated 15 U.S.C. §1692g in that they

    a.   failed to consider all relevant information forwarded to them by the consumer reporting agencies.

64.   Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

65.   Plaintiff is entitled to actual damages, statutory damages, attorney fees and costs pursuant to 15 U.S.C. §1692k.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

Tuan A. Pham

/s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. VSB#43538
JKrumbein@KrumbeinLaw.com (e-mail)
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)

Jason M. Krumbein, Esq. VSB#43538
Counsel for Tuan A. Pham
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.234.1159 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)